UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PHILLIPS,

        Petitioner,        Case No. 1:13-cv-609

v.        Honorable Robert Holmes Bell

JOHN PRELESNIK,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

  I.  Factual allegations

  Petitioner Charles Phillips presently is incarcerated at the Richard A. Handlon Correctional Facility. Petitioner was tried before a Genesee County jury on multiple sexual offenses in two consolidated cases. In one of the cases, he was found guilty of four counts of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(a), and two counts of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c(1)(a), arising out of his abuse of one of his son's friends over a period of more than two years. In the second case, Petitioner was convicted of two additional counts of CSC I, three counts of CSC II, one count of child sexually abusive activity, MICH. COMP. LAWS § 750.145c(2), and one count of accosting a child for immoral purposes, MICH. COMP. LAWS § 750.145a, arising out of conduct involving three brothers who were Petitioner's neighbors. In the first case, Petitioner was sentenced to life imprisonment for two of the CSC I convictions, 480 to 800 months for the other two CSC I convictions, and 75 to 180 months for each of the two CSC II convictions, all to be served consecutively. In the second case, Petitioner was sentenced to life imprisonment for the first count of CSC I, 600 to 900 months for the other CSC I conviction, 75 to 180 months for each CSC II conviction, 75 to 240 months for the child sexually abusive conviction, and 24 to 48 months for the accosting conviction. The judgments of sentence were entered on January 13, 2010.

  Petitioner appealed his convictions to the Michigan Court of Appeals. He raised twelve issues on appeal: (1) Petitioner's third statement to the police should have been suppressed because the police failed to renew *Miranda*[1] warnings; (2) Petitioner was denied his right to a

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

polygraph; (3) evidence regarding the credibility of a complaining witness was not admissible, and counsel was ineffective in failing to object; (4) counsel was ineffective in failing to object to the allocation of a non-victim at sentencing; (5) the trial court erred in ordering consecutive sentences in the first case, and counsel was ineffective in failing to object; (6) Petitioner's confession was involuntary because he had not received his psychoactive medications for three days and was in suicide restraints; (7) counsel was ineffective for numerous reasons; (8) trial counsel failed to request or obtain expert testimony; (9) trial counsel failed to file an interlocutory appeal, resulting in a conflict of interest and a denial of counsel at a critical stage of the proceedings; (10) counsel failed to seek or provide expert witnesses for the examination of a witness; (11) trial counsel failed to investigate or call witnesses provided by Petitioner; (12) the trial court improperly set aside a valid or partially valid sentence after Petitioner had been remanded to jail. In a lengthy, unpublished opinion issued September 20, 2011, the court of appeals affirmed the convictions, but it remanded for modification of the judgment of sentence to specify that the two CSC II convictions in the first case were to be served concurrently, not consecutively. (Mich. Ct. App. Op., docket #2-1, Page ID##68-77.) Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues, together with two additional issues: (1) the trial court displayed vindictiveness at sentencing; and (2) trial counsel was ineffective in failing to object to the vindictiveness so as to preserve the issue on appeal.

In the instant habeas petition, filed on or about June 1, 2013,[2] Petitioner raises nine arguments, some of which consolidate issues raised in the Michigan appellate courts: (1) the third confession should have been suppressed, both because it was obtained without proper *Miranda* warnings and because it was involuntary; (2) the trial court improperly allowed a non-victim to testify at sentencing and counsel was ineffective in failing to object; (3) counsel was ineffective in numerous ways; (4) counsel was ineffective in failing to bring an expert witness to rebut the prosecution's expert; (5) Petitioner was deprived of counsel at a critical stage of the proceedings because counsel refused to file an interlocutory appeal; (6) trial counsel was ineffective for failing to investigate; (7) the trial court impermissibly set aside a valid sentence after Petitioner had seen remanded to jail; (8) the trial court was vindictive at sentencing; and (9) counsel was ineffective in failing to object so as to preserve issues on appeal.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on June 1, 2013, and it was received by the Court on June 5, 2013. Thus, it must have been handed to prison officials for mailing at some time between June 1 and 5, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner appears to have fully exhausted his first seven habeas grounds. Petitioner, however, raised habeas grounds 8 and 9 for the first time in his application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F.

App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied. The issue therefore was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his last two claims, Petitioner must file a motion for relief from judgment in the Genesee County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 5, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 4, 2012. Accordingly, Petitioner had one year, until June 4, 2013, in which to file his habeas petition. Petitioner filed the instant petition on June 1, 2013, three days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days

amounts to mandatory period of equitable tolling under *Palmer*).³ In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings.

---

³The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78.  If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims.  In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

      An Order consistent with this Opinion will be entered.


Dated:  June 25, 2013             /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE